Filed 6/13/14  P. v. Moreno CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO CISNEROS MORENO,<br><br>Defendant and Appellant. | F066284<br><br>(Super. Ct. No. VCF260220)<br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Gordon S. Brownell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]	Before Gomes, Acting P.J., Poochigian, J. and Sarkisian, J.[†]

[†]	Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant Roberto Cisneros Moreno was convicted by jury trial of numerous sex crimes.[1]  The trial court sentenced him to prison for a term of 15 years to life, plus a consecutive 84-year term.  Defense counsel asked that the court consider reducing the recommended $10,000 restitution fine in light of the lengthy prison term.  The court complied by reducing the restitution fine to $5,000, but it nevertheless imposed a $10,000 parole revocation restitution fine.  On appeal, defendant challenges the $10,000 parole revocation restitution fine and also asks that we order correction of errors on the abstract of judgment.  We conclude his claims have merit.

## DISCUSSION

### I.      Fines

Defendant contends the restitution fine and the parole revocation restitution fine must match in amount.  The People concede and we agree.

Penal Code section 1202.4, subdivision (b)[2] provides for restitution fines:  "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record."  Former section 1202.45, now section 1202.45, subdivision (a) provides for matching parole revocation restitution fines: "In every case where a person is convicted of a crime and [his or her] sentence includes a period of parole, the court shall[,] at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine *in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4….*" (Italics added.)

---

[1]      The factual background of these crimes is not relevant to the issues raised on appeal.

[2]      All statutory references are to the Penal Code unless otherwise noted.

In this case, when the trial court reduced the restitution fine to $5,000, it was required to reduce the parole revocation restitution fine to $5,000. We will order the fine reduced.

**II.     Abstract of Judgment**

Defendant also contends the abstract of judgment incorrectly describes the crimes of which he was convicted in counts 10 through 15. The People agree the abstract should reflect violations of section 288, subdivision (c)(1) rather than section 288, subdivision (b)(1). Our examination of the verdict forms supports the claim that defendant was convicted of violating section 288, subdivision (c)(1) in these counts. We will order the correction.

## DISPOSITION

The parole revocation restitution fine (§ 1202.45, subd. (a)) is reduced from $10,000 to $5,000. The superior court clerk is directed to amend the abstract of judgment to (1) reflect this reduced fine and (2) reflect convictions for violations of section 288, subdivision (c)(1) in counts 10 through 15. The clerk is directed to forward a copy of the amended abstract to the appropriate entities. In all other respects, the judgment is affirmed.